**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-6052**

─────────────

JOHN C. FOWLER,

Plaintiff - Appellant,

versus

E. LEE CARROLL,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (CA-97-2305-3-10)

─────────────

Submitted: April 15, 1999          Decided: April 20, 1999

─────────────

Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

John C. Fowler, Appellant Pro Se. Amy L. Gaffney, CROMER & MABRY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Fowler filed an untimely notice of appeal.  We dismiss for lack of jurisdiction.  The time periods for filing notices of appeal are governed by Fed. R. App. P. 4.  These periods are "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).  Parties to civil actions have thirty [sixty if the United States is a party] days within which to file in the district court notices of appeal from judgments or final orders.  Fed. R. App. P. 4(a)(1).  The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on December 4, 1998[*]; Fowler's notice of appeal was filed on January 6, 1999, which is beyond the thirty-day appeal period.  Fowler's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal.  We therefore dismiss the appeal.  We dispense with oral

---

[*] Although the district court's order is marked as "filed" on December 3, 1998, the district court's records show that it was entered on the docket sheet on December 4, 1998.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED